```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ABRON D. SLAUGHTER,**

                    **Plaintiff,**

        v.                                **CASE NO. 17-3147-SAC**

**JOHNSON COUNTY ADULT DETENTION CENTER, et al.,**

                    **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

The Court has examined the limited financial reports available, which show that plaintiff has a $40.00 balance in his checking account and a $5.00 savings balance. The Court concludes plaintiff lacks the means to pay the $400.00 filing fee and therefore grants leave to proceed in forma pauperis.

### Screening

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the in forma pauperis statute, 28 U.S.C. 1915, provides in part, that the court may dismiss a matter if, at any time, it finds the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary damages form a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted). "Section 1983 does not allow plaintiffs to create a federal case out of every violation of state common law ... the first inquiry in any § 1983 suit … is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017)(internal cites and alterations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review

for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

At all times relevant to the appeal, plaintiff was a prisoner at the Johnson County Adult Detention Center. The complaint alleges that in August 2015, plaintiff slipped and fell on food in a hallway floor at the JCADC. Deputy Pierucci, a defendant in this action, called medical staff to the scene. Defendant Amanda, a nurse, responded to the call and offered plaintiff pain medication. Plaintiff complains that medical staff did not follow protocol by calling an ambulance, instead examining him, placing him on a prison mattress, and removing him to his cell. Several hours later, an X-ray technician came to take X-rays, but plaintiff complains that he did not "X-ray [him] fully" (Doc. #1, p. 4). Plaintiff complains this medical care was constitutionally inadequate, and he claims that defendants Howell, Wiley, Dvorak, Mailand, Campbell, and Rector subsequently interfered with his use of the grievance process by rejecting interruption, and delaying his grievances, allegedly to conceal wrongdoing.

The Court has carefully considered the complaint and has identified the following deficiencies:

First, to the extent plaintiff alleges negligence in the condition that led him to fall, namely, food on a hallway floor, he does not state a claim for relief under Section 1983. "A 'slip and fall', without more, does not amount to cruel and unusual punishment…. Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Reynolds v. Powell*, 370 F.3d 1028 (10th Cir. 2004)(quoting *Mitchell v. West Virginia*, 554 F.Supp. 1215, 1216-17 (N.D.W.Va. 1983)). Plaintiff's allegations of negligence must be presented in a state court action.

Next, plaintiff's claim of inadequate medical care must be evaluated under the Eighth Amendment[1]. An official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97 (1976)(citation omitted).

The standard of deliberate indifference has both objective and subjective components. The objective component requires a showing that the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(quotation omitted). A medical need meets this standard "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.2d 1205, 1209 (10th Cir. 2000).

The subjective component is satisfied by showing that "a prison

---

[1] It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. If he was in pretrial detention, his claim arises under the Fourteenth Amendment. However, the Eighth Amendment nevertheless provides the benchmark for analyzing his claims concerning medical care. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quotation omitted). The defendant official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted).

The plaintiff's allegations show that immediately after he fell, medical staff arrived to assess his condition. He was offered pain medication and was stabilized on a mattress for transport to his cell. Within a few hours, he was X-rayed by a technician. While plaintiff was dissatisfied with the care he received and compares it to unidentified protocols, it is clear he received prompt medical care. *See Smart v. Villar*, 547 F.2d 112 114 (10th Cir. 1976)(where there is evidence of examinations, diagnoses, and medication, it cannot be said that there was deliberate indifference). Likewise, it is settled law that a prisoner's difference of opinion with medical staff concerning the appropriate treatment is insufficient to state a claim for relief under Section 1983. *See Toler v. Troutt*, 631 Fed.Appx. 545, 547 (10th Cir. 2015)("The prisoner's right is to medical care – not to the type or scope of medical care he personally desires.") Finally, even medical malpractice against a prisoner does not state a claim for relief under Section 1983. *See Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

Having considered plaintiff's account of the medical care he received, the Court concludes he has failed to state a claim for relief under the governing legal standards. While his condition after his fall was sufficiently serious, the complaint does not suggest that

he was treated with deliberate indifference. At most, plaintiff did not receive the medical care he desired.

Finally, plaintiff broadly alleges interference and delay with his access to grievances at the JCADC. Not only does he fail to specifically identify the acts or omissions involved, these allegations do not state a claim for relief, as a prisoner has no independent constitutional right to a grievance procedure. *See Soboroff v. Doe*, 569 Fed.Appx. 606, 610 (10th Cir. 2014)(federal Bureau of Prisons' grievance procedure not a constitutional right); *Von Hallcy v. Clements*, 519 Fed.Appx. 521, 523 (10th Cir. 2013)(challenge to Colorado state prisons' grievance procedure denied; finding no right to state grievance procedure).

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to proceed in forma pauperis (Doc. #2) is granted.

IT IS FURTHER ORDERED that on or before December 7, 2017, plaintiff shall show cause why this matter should not be dismissed for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 7th day of November, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge